UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANITRISE BELL,

          Plaintiff,                             Civil Action No. 17-cv-12357

vs.                                         HON. MARK A. GOLDSMITH

NANCY A. BERRYHILL,

          Defendant.

_____/

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 22), (2) ACCEPTING THE**
**RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 21), (3) DENYING**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 16), AND (4) GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 19)**

In this social security case, Plaintiff Antrise Bell appeals from the final determination of

the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability

benefits. The matter was referred to Magistrate Judge Patricia T. Morris for a Report and

Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 16, 19),

and Magistrate Judge Morris issued an R&R recommending that the Court deny Bell's motion for

summary judgment and grant the Commissioner's motion for summary judgment (Dkt. 21).

Brown filed objections to the R&R (Dkt. 22); the Commissioner subsequently filed a response

(Dkt. 23).

For the reasons that follow, the Court overrules Bell's objections and accepts the

recommendation contained in the magistrate judge's R&R. Bell's motion is denied and the

Commissioner's motion is granted. The final decision of the Commissioner is affirmed.

**I. LEGAL STANDARD**

The Court reviews de novo those portions of the R&R to which a specific objection has

been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Under 42 U.S.C. § 405(g), this

Court's "review is limited to determining whether the Commissioner's decision 'is supported by

substantial evidence and was made pursuant to proper legal standards.'"  Ealy v. Comm'r of Soc.

Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234,

241 (6th Cir. 2007)).  "Substantial evidence is 'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'"  Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604

(6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  In determining whether

substantial evidence exists, the Court may "look to any evidence in the record, regardless of

whether it has been cited by the [Administrative Law Judge ("ALJ")]."  Heston v. Comm'r of Soc.

Sec., 245 F.3d 528, 535 (6th Cir. 2001).  "[T]he claimant bears the burden of producing sufficient

evidence to show the existence of a disability."  Watters v. Comm'r of Soc. Sec. Admin., 530 F.

App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Bell registers two objections to the magistrate judge's R&R: (i) the magistrate judge erred

in concluding that the ALJ's decision was supported by substantial evidence because the ALJ

failed to give proper weight to the opinion of Bell's treating physician, Dr. Waseem Alam; and (ii)

the magistrate judge erred in concluding that a sentence six remand was not warranted where the

Appeals Council failed to consider new evidence from Alam.

Prior to examining Bell's objection, the Court briefly summarizes the ALJ's findings.  The

Social Security Administration ("SSA") uses a five step sequential evaluation process to determine

whether a claimant is disabled.  See 20 C.F.R. § 404.1520.  The steps are (i) whether the claimant

is involved in substantial gainful activity. If so, the claimant is not disabled; (ii) whether the

claimant has a severe medically determinable physical or mental impairment; (iii) if so, whether

the impairment meets or equals a listed impairment. If so, the claimant is disabled; (iv) a consideration of the claimant's residual functional capacity ("RFC") and past relevant work. If the claimant's RFC allows him to conduct this past work, he is not disabled; and (v) if the ALJ determines the claimant's RFC prevents him from conducting his past work, the ALJ will consider the claimant's age, education, and work experience to see if he can make an adjustment to other work. If so, the claimant is not disabled. The ALJ ultimately concluded that Bell had not engaged in substantial gainful activity, and suffered from the severe impairments of degenerative disc disease and obesity. A.R. at 33. The ALJ then found these impairments did not meet any of the listed impairments at step three, but that Bell's RFC rendered her incapable of performing her past work. Id. at 34-38. However, at step five, the ALJ concluded that her RFC allowed her to perform a substantial number of jobs in the national economy. Id. at 39. As a result, the ALJ concluded she is not disabled. Id. at 40.

### A. Treating Physician Objection

The magistrate judge concluded that the ALJ's finding of no disability was supported by substantial evidence. Bell objects to this conclusion, arguing that the ALJ's finding was not supported by substantial evidence because the ALJ failed to give the proper weight to the opinion of Alam, Bell's treating physician. Under the SSA regulations, "[a]n ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)). A treating physician's opinion is only entitled to controlling weight as to the nature and severity of the claimant's impairment. See SSR 96-2P (S.S.A. July 2, 1996), 1996 WL 374188.

Where the opinion is not afforded controlling weight, the ALJ must consider (i) the length of the treatment relationship and frequency of examination; (ii) the nature and extent of the relationship; (iii) the supportability of the medical opinion; (iv) consistency of the opinion with the record as a whole; (v) the specialization of the treating physician. See 20 C.F.R. § 404.1527(c). "[A] decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Wilson, 378 F.3d at 544 (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5).

The ALJ began by noting that, to the extent Alam concluded Bell was disabled, such a finding was exclusively reserved to the Commissioner, and thus was not entitled to controlling weight or special significance. A.R. at 36 (Dkt. 14-2) (citing 20 C.F.R. § 404.1527(e)). Bell objects to the magistrate judge's conclusion that the ALJ was entitled to find this assertion unpersuasive, contending that the ALJ ignored Alam's more specific findings regarding Bell's condition, namely, that she could not lift more than five pounds or stand or sit for more than an hour in an eight-hour workday. Id. However, a review of the ALJ's findings indicates that he considered and rejected these purported physical limitations because they conflicted with other evidence in the record. A.R. at 35-36 (noting treatment notes finding a lack of paraspinal muscle tenderness and intact range of motion, and a normal gait and motor strength). While Bell attempts to analogize to the court's ruling in Bankston v. Commissioner of Social Security, 127 F. Supp. 2d 820, 825 (E.D. Mich. 2000), that case involved an ALJ's failure to credit the treating physician where the treating physician's opinion had not been contradicted. As noted, there is medical evidence in the record contradicting Alam's findings.

Bell also objects to the magistrate judge's conclusion that the ALJ properly ruled that Alam's opinion was not entitled to controlling weight because Bell only received conservative treatment for her impairments. In the R&R, the magistrate judge noted record evidence that Bell was only subject to a monthly treatment schedule, without any surgical intervention. See R&R at 16 (citing A.R. at 385, 397, 409, 423, 443, 483). Bell argues that "[t]he fact that she has not had surgery is only one factor at play in the course of her treatment, and is itself not sufficient to support the ALJ's rejection of Dr. Alam's opinions in light of the treatment rendered as a whole." Obj. at 13-14. A review of the R&R clearly shows that the magistrate judge's conclusion that the ALJ's finding was supported by substantial evidence did not rest solely on the fact that Bell underwent a conservative treatment regimen. As discussed above, Alam's opinion was also discounted due to objective medical evidence that contradicted his findings.

Bell next repeats her argument, first asserted before the magistrate judge, that the ALJ cherry-picked adverse findings from Dr. Mazher Hussain, rather than crediting his positive findings. Obj. at 16. It is well-settled that a court need not consider objects that are "merely a restatement [of] the arguments he presented in his summary judgment brief." Funderburg v. Comm'r of Soc. Sec., No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016). Even assuming this argument was properly before the Court, it is without merit. While Bell accuses the ALJ of substituting his judgment for that of the physicians, his decision-making is better characterized as crediting certain evaluations by those physicians over others. "Of note, [t]he argument that the ALJ mischaracterized or 'cherry picked' the record is frequently made and seldom successful, because 'the same process can be described more neutrally as weighing the evidence." Albanna v. Comm'r of Soc. Sec., No. 15-CV-14264, 2016 WL 7238925, at *12 (E.D.

Mich. Nov. 22, 2016), report and recommendation adopted, No. 15-14264, 2016 WL 7210715 (E.D. Mich. Dec. 13, 2016) (internal citation and quotations omitted).

Finally, Bell argues the magistrate judge erred in concluding that the ALJ properly considered Alam's opinion where he failed to analyze the factors set forth in 20 C.F.R. § 404.1527(c), i.e., (i) the length of the treatment relationship and frequency of examination; (ii) the nature and extent of the relationship; (iii) the supportability of the medical opinion; (iv) consistency of the opinion with the record as a whole; (v) the specialization of the treating physician. The ALJ's decision indicates that he did consider these factors, noting that Bell's symptoms began in May 2014, the same month that she began seeing Alam for these issues. He noted the examinations conducted by Alam, including an MRI and appointments in June, July, and September of 2014. A.R. at 35-36. The ALJ also considered the supportability of Alam's opinion, as well as its consistency with Bell's medical record as a whole. As discussed, the ALJ analyzed the record and concluded that Alam's opinion relied too heavily on Bell's subjective complaints, and was inconsistent with the findings in the record that Bell did not suffer from paraspinal muscle tenderness and possessed an intact range of motion. Id. at 36.

**B. Remand Objection**

Bell also objects to the magistrate judge's recommendation that a sentence six remand is not warranted. She notes that while Hussain's treatment records from January 2016 to April 2016 were before the ALJ when he rendered his decision, his records from May 2016 to September 2016 were not presented until her case was before the Social Security Appeals Council. She argues that these new records should be examined on remand because they show that Hussain performed bilateral radiofrequency ablations ("RFA"), a procedure that evidences a more aggressive treatment plan.

Title 42 U.S.C. § 405(g) authorizes two types of remand to the Commissioner. A court may order a "sentence four" remand if, after reviewing the Commissioner's decision, it determines a rehearing is warranted in light of the court's ruling. See Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 483 (6th Cir. 2006). A court may also order a "sentence six" remand, the type of remand requested by Bell. A sentence six remand is a prejudgment remand which allows for the reopening of the administrative record so that the ALJ may consider "new and material evidence that for good cause was not previously presented to the Commissioner." Id. (internal citation and quotations omitted).

Thus, in order to obtain a sentence six remand, the claimant must show "(i) that the evidence at issue is both 'new' and 'material,' and (ii) that there is 'good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Id. (quoting 42 U.S.C. § 405(g)). In order to be considered new, "the evidence must not have been in existence or available to the claimant at the time of the administrative proceeding." Glasco v. Comm'r of Soc. Sec., 645 F. App'x 432, 435 (6th Cir. 2016). In order to satisfy the materiality requirement, "a plaintiff must show that there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." Id. at 437 (internal citation and quotations omitted). Finally, "[a] claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).

Bell seeks to introduce Hussain's treatment records from May to September 2016. However, as noted by the magistrate judge, roughly half of these records cannot be considered new because they were available when the ALJ's decision was rendered in July 2016. For those records that were not yet in existence at the time of the ALJ's decision, the issue revolves around

whether the RFA treatment was material information, i.e., whether there is a reasonable probability that the ALJ would have changed his decision if he had been aware of it. Because courts have consistently characterized RFA as "a conservative treatment plan," <u>Cutcher v. Commissioner of Social Security Administration</u>, No. 14-1958, 2015 WL 5233244, at *7 (N.D. Ohio Sept. 8, 2015), it stands to reason that the ALJ, who had already noted Bell's conservative treatment plan weighed against a finding of disability, would not have changed his decision upon learning that Bell underwent another conservative treatment. Because Bell cannot demonstrate that these new records are material, a sentence six remand is not warranted.

## III. CONCLUSION

For the foregoing reasons, the Court overrules Bell's objections (Dkt. 22) and accepts the recommendation contained in the Magistrate Judge's R&R (Dkt. 21). Bell's motion for summary judgment (Dkt. 16) is denied and the Commissioner's motion for summary judgment (Dkt. 19) is granted.

SO ORDERED.

Dated: June 19, 2018                         s/Mark A. Goldsmith
Detroit, Michigan                            MARK A. GOLDSMITH
                                             United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2018.

                                             s/Karri Sandusky
                                             Case Manager